(173 App. Div. 655)

### KOBER v. LYLE.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

LIBEL AND SLANDER ☞9(1)—WORDS ACTIONABLE PER SE—INJURIOUS TO PROFESSION OR BUSINESS.

    Spoken words, charging a scientific man engaged in research work with bad manners and being a trouble maker in the laboratory in which he worked, are not libelous per se, as they do not reflect upon his character as a scientific man, and are not calculated to injure him in his profession, or to prevent his employment as an expert in his particular line, since such occupation cannot be said to be of such a character that suavity and urbanity are indispensable therein.

    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 80, 90; Dec. Dig. ☞9(1).]

Appeal from Special Term, New York County.

Action by Philip A. Kober against William G. Lyle. From an interlocutory judgment, overruling demurrer to complaint, defendant appeals. Judgment reversed, demurrer sustained, and complaint dismissed, with leave to plaintiff to amend.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and DAVIS, JJ.

John M. Holzworth, of New York City, for appellant.
Philip J. McCook, of New York City, for respondent.

SCOTT, J.   The action is for slander, and alleges that defendant spoke certain words, specified in the complaint, of and concerning the plaintiff in his occupation and character as a professional man in research work in physiological chemistry.   There are no special damages alleged, and the question involved, therefore, is whether or not the words thus spoken by the defendant, which in substance charged the plaintiff with bad manners and with being a trouble maker in the laboratory in which he worked, are libelous per se.   In our opinion they are not.

The question in such a case is whether or not the words spoken have a tendency to hurt and are calculated to injure the plaintiff in the business or occupation which he is following at the time the words are said and as to which he claims to have been damaged.   As was said in Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810:

" 'Whatever words have a tendency to hurt or are calculated to prejudice a man who seeks his livelihood by any trade or business, are actionable.'   When proved to have been spoken in relation thereto, the action is supported."

We can find nothing in the words complained of which have any bearing at all upon the character of the plaintiff as a scientific man engaged in research work.   They are not at all like the words used in the case of Moore v. Francis, supra, where the occupation of the plaintiff was that of a bank teller, and the libelous words charged him with being insane and out of his mind.   Naturally such a charge would have a tendency to prevent his employment in a position of teller in a bank, but here the only thing which can fairly be spelled out of the words charged against the defendant·is that he was accused of bad manners in not getting on with people with whom he worked in the laboratory, and of having insulted certain of those persons.   It seems quite clear that these words contained no reflection upon his character as a scientific man, and are not calculated to injure him in his profession, or to prevent his employment as an expert in his particular line.   They are such words as are spoken of persons every day, and, unless the occupation in which a man is engaged is of such a character that suavity and urbanity are necessary, they cannot be said to be actionable per se.

The judgment appealed from must be reversed, the demurrer sustained, and the complaint dismissed, with costs in this court and the court below, with leave to plaintiff to amend his complaint on payment of said costs within 20 days.   All concur.